### FRANK v. LYNCH.

(Supreme Court, Appellate Term. November 10, 1904.)

1. PROOF OF DEBT.
     Receipt by an attorney of a claim for collection against an individual, a letter written by the attorney to such individual stating the amount of the claim, that it had been placed with him for collection, and requesting an answer before suit is brought, and failure to answer the letter, is not proof of an indebtedness.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Samuel Frank against George M. Lynch. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Maurice Meyer, for appellant.
Dos Passos Bros., for respondent.

FREEDMAN, P. J. This action was brought and judgment recovered against the defendant upon a complaint alleging, in substance, that on or about the 25th day of May, 1903, an account amounting to the sum of $354.98 was stated between Isaac Jonas and Jonah Jonas, comprising the firm of Jonas Bros., of London, England, and the above-named defendant; that up to October 23, 1903, no part thereof had been paid; and that said claim had been assigned to this plaintiff. The

complaint was denied. There was no testimony given that there had ever been any examination of the claims of the respective parties, and a balance struck; that any agreement of any kind, either express or implied, was ever made; or that there was a balance due from the defendant to the firm of Jonas Bros.; and it was not shown that dealings of any kind were ever had between Jonas Bros. and the defendant. The only testimony given in support of the plaintiff's cause of action was that of one Davis, who testified that he was connected with the firm of attorneys representing the plaintiff herein, and that his firm had been employed to collect a claim against the defendant in favor of Jonas Bros., of London; that he (witness) was put in charge of the collection of such claim; and that he had sent the defendant a letter, of which the following is a copy:

"May 25th, 1903.

"George M. Lynch Esq., 107 Union Square, New York—Dear sir: Messrs. Jonas Bros. of London, England, have sent us for collection the following claims against you: October 7th, 1896, carriage of dress from Paris to Liverpool, 6 shillings, six pence, October 20th 1896, payment of account for dress (by check made to order of E. Bourgeois) twenty-six pounds, nineteen shillings, five pence. Interest to May 21st 1903, ten pounds, eight shillings; June 30th 1900, check loan thirty pounds, interest to May 19th 1903, five pounds, five pence, making a total of seventy-two pounds, eighteen shillings, eleven pence, or Three hundred and fifty-four dollars and ninety-eight cents. We would be pleased to hear from you in regard thereto before bringing suit.

"Yours truly,                                    Dos Passos."

How, or in what manner, this letter was sent does not appear, and the witness did not receive any response thereto. The claim was, in October, 1903, assigned to this plaintiff. The plaintiff rested upon this testimony, and the defendant gave no evidence, but moved for a nonsuit upon the ground that plaintiff had failed to prove a cause of action. This motion should have been granted. Not a single essential element necessary to constitute an account stated was proven. The receipt by an attorney of a claim for collection against an individual, a letter written to that individual by the attorney stating the amount of the alleged claim, that it had been placed with him for collection, and this accompanied by a request that an answer be made thereto before suit is brought, and a failure to reply thereto, no matter for how long a time, comes far from creating a legal obligation to pay such alleged demand and forms no foundation for a suit at law.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.